IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAREN HUCKABY                                                                                    PLAINTIFF

vs.                                          Civil No. 4:17-cv-04025

NANCY A. BERRYHILL                                                                            DEFENDANT
Acting Commissioner, Social Security Administration


**<u>MEMORANDUM OPINION</u>**

Caren Huckaby ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    <u>Background</u>:**

Plaintiff protectively filed her disability applications on October 27, 2011. (Tr. 104). In her applications, Plaintiff alleges she was disabled due to arthritis in her back and arms, left shoulder pain, and bipolar disorder. (Tr. 265). Plaintiff alleges an onset date of June 1, 2007. (Tr. 20). These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially and again upon reconsideration. (Tr. 125-143).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 70-94, 144-145). Thereafter, the ALJ entered an unfavorable decision on February 19, 2013. (Tr. 101-119). Upon review, the Appeals Council remanded that case back to the ALJ. (Tr. 120-124). The ALJ then held a second administrative hearing on May 7, 2015. (Tr. 42-69). That hearing was held in Shreveport, Louisiana. *Id.* At that hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* On the date of the hearing, Plaintiff testified she was sixty (60) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (DIB) and under 20 C.F.R. § 416.963(e) (SSI) and testified she had only completed the tenth grade in school. (Tr. 48).

On February 22, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 19-33). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 23, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 23, Finding 2). The ALJ determined that since her alleged onset date of June 1, 2007 and prior to her Date Last Insured ("DLI") of December 31, 2009, Plaintiff had no severe impairments. (Tr. 23, Finding 3). The ALJ determined that subsequent to her DLI and prior to her Established Onset Date[2] ("EOD") of September 12, 2012, she had the following severe mental impairments: history of bipolar disorder, anxiety disorder, and attention deficit hyperactivity disorder ("ADHD"). (Tr. 23, Finding 4). The ALJ determined Plaintiff had the following non-severe physical impairments, which were severe in combination: history of possible right shoulder rotator cuff injury/adhesive capsulitis

---

[2] Plaintiff was found to be disabled on September 12, 2012.

shoulder, obesity, and a history of gastroesophageal reflux disease ("GERD"). *Id.*

Beginning on the established onset date of disability, September 12, 2012, the ALJ determined Plaintiff has had the following severe impairments: mild emphysema and osteoarthritis of knees. (Tr. 24, Finding 5). The ALJ determined Plaintiff continued with the following severe mental impairments: history of bipolar disorder, anxiety disorder, and ADHD. *Id.* The ALJ determined Plaintiff continued with non-severe physical impairments, which were severe in combination: history of possible right shoulder rotator cuff injury/adhesive capsulitis shoulder, obesity, and a history of GERD. *Id.* The ALJ determined that since her alleged onset date of disability, June 1, 2007, Plaintiff had not had an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-25. Finding 6).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC *prior to* September 12, 2012 (her EOD) and *after* September 12, 2012. (Tr. 25-30, Findings 7-8). Prior to September 12, 2012, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that prior to September 12, 2012, the date the claimant became disabled, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she was limited to perform simple, routine tasks. She could lift up to 50 pound occasionally and 25 pounds frequently; sit 6 hours, stand 6 hours, walk 6 hours, and push/pull as much as she could lift/carry.

*Id.* After September 12, 2012, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that beginning on September 12, 2012, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs (but never ladders and scaffolds) balance, stoop, kneel, crouch and crawl. She can lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours, stand 6 hours, walk 6 hours and push/pull as much as she can lift/carry. She is limited to performing simple, routine tasks.

*Id.*

The ALJ determined that prior to September 12, 2012, Plaintiff was capable of performing her PRW as a housekeeper. (Tr. 30-32, Finding 9). The ALJ also determined beginning on September 12, 2012, Plaintiff's RFC prevented her from performing her PRW. (Tr. 32, Finding 10). Based upon these findings, the ALJ determined that since September 12, 2012, there were no jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 32, Finding 14).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr.1-3). On June 19, 2017, the Appeals Council declined to review the ALJ's disability determination. *Id.* On August 21, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 21, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 14. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two issues for reversal: (1) the ALJ's disability determination is not supported by substantial evidence; and (2) the ALJ erred in assessing her mental impairments. ECF No. 11 at 1-19. Upon review, the Court finds Plaintiff has not established she was disabled during the relevant time period. As such, for the foregoing reasons, she is not entitled to a reversal in this case.

Plaintiff filed two applications for disability, one for SSI and one for DIB. Plaintiff's SSI application was not filed until October 27, 2011. (Tr. 104). Plaintiff was found to be disabled as of September 12, 2012. (Tr. 32, Finding 15). Thus, for SSI purposes, Plaintiff is appealing the time-period from October 27, 2011 (application date) through September 12, 2012 (date she was found to be disabled). The Court has reviewed the transcript in this matter and Plaintiff's appeal brief. Based upon that review, the Court finds Plaintiff has not met her burden of establishing she was disabled during this time-period. Thus, the Court find no basis for reversal on her SSI application.

Likewise, Plaintiff's DIB application was filed on October 27, 2011. However, for DIB purposes, Plaintiff's insured status expired on December 30, 2009. (Tr. 23). Plaintiff has the burden of establishing she was disabled *prior to* this date of December 30, 2009. *See Basinger v. Heckler,* 725 F.2d 1166, 1168 (8th Cir. 1984) (recognizing the burden is on the claimant to show the existence of a disability, and not merely the existence of an impairment, on or before the date that insurance coverage expires). Again, based upon the Court's review, Plaintiff has not met that burden. Accordingly, the Court also finds no basis for reversal on her DIB application.

**4.	Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of September 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE